This is a suit to set aside the following conveyances as fraudulent:
"A. Deed to Harry Bender, dated April 22, 1926, to 92 Goldsmith avenue, Newark, N.J., recorded in Book G 74-269.
Deed of Harry Bender on same property to Profit Realty Company, on April 11, 1927, recorded in Book G 76-164.
To set aside a mortgage of fifteen thousand ($15,000) dollars by Profit Realty Company to Harry Bender, which is a purchase-money mortgage on same property, and have this mortgage decreed to be the property of Davis Bender and subject to the complainant's judgment. This mortgage is recorded in Book R 60-210."
"B. Deed to Harry Bender dated April 22, 1926, recorded in Book G 74-269, covering:
1. Plot on easterly side of South Broad street, Newark.
2. Two plots on King street, Newark.
3. Plot on South Broad street, adjoining 1.
4. Plot on Essex turnpike.
All of these properties were conveyed by Harry Bender to Bender Construction Company by deed dated April 6, 1927, and recorded May 17, 1927, in Book I 76-161."
"C. Mortgage of four thousand ($4,000) dollars of defendant, G.L. S. Holding Company to Davis Bender, dated January 25, 1926, recorded in Book P 56-400 in Essex county, which was assigned by Davis Bender to Harry Bender on April 22, 1926, by assignment, recorded in Book 179-290. By stipulation the sum of two thousand thirty-five ($2,035) dollars is held by defendants' attorneys, representing the balance due on this mortgage and which shall be subject to the disposition of this court."
The defendants Harry Bender and Hortense Bender are children of Davis Bender, and Mollie Bender is Davis Bender's wife.
The complainant, Jacob Williamson, recovered a judgment against Davis Bender on February 3d 1928, for $11,661.52.
The Profit Realty Company is a New Jersey corporation organized by Louis J. Feit, attorney, on March 26th, 1927, and its incorporators were Abraham Kaplan, one share, *Page 365 
Samuel Kaplan, eight shares, and Celia Kaplan, his wife, one share. The Kaplans are friends of Davis Bender and Feit was Bender's personal attorney. None of its stock was ever transferred.
The company was controlled by Samuel Kaplan; it never had a meeting of stockholders or directors, never paid a dividend nor filed a statement of earnings, and never had any business except as a title receptacle of 92 Goldsmith avenue, Newark. It had a bank account, where only money received as rents from 92 Goldsmith avenue were deposited and checks signed by Samuel Kaplan were paid in various and irregular amounts to Harry Bender and Bender Construction Company.
Bender Construction Company was, likewise, a domestic corporation in which the incorporators were: Harry Bender, twenty-eight shares; Mollie Bender, one share; Hortense Bender, one share. Its principal place of business was 92 Goldsmith avenue. Harry Bender was in control; no meetings of stockholders or directors were ever held, no dividends were paid, no stock transferred. Its sole purpose was to take title to certain of Davis Bender's property through Harry Bender.
Sivad Realty Company is not a defendant but is mentioned prominently through the testimony; this was composed of Harry Bender, Samuel Kaplan (of Profit Realty Company) and Harry Hoffman, a quondam partner of Harry Bender and an intimate friend of the Bender group. Harry Bender controlled this corporation which spells the name Davis backward. This company, with a nominal bank account of one hundred and thirty-seven ($137) dollars in 1926, suddenly became enriched with checks of three thousand ($3,000) dollars, ten thousand ($10,000) dollars,c., loans from Harry Bender, who borrowed the money from his mother, Mollie Bender. Almost from its organization, the company was in the hands of Louis Feit.
In April, 1925, Davis Bender sold property on Vanderpoel street, Newark, to the Fidelity Title Company. Although the contract of sale was signed by Davis Bender and Harry *Page 366 
Bender, the deposit of five thousand ($5,000) dollars was deposited in Davis Bender's account. Title was closed on June 17th, 1925, and a check for thirty-one thousand three hundred and twenty-three and fifty one-hundredths ($31,323.50) was deposited in Davis Bender's account, which amounted to forty-four thousand four hundred and twenty-six and fifty-three one-hundredths ($44,426.53) dollars on that day. The check was made out to Davis Bender, Harry Bender and Mollie Bender, but the actual money came to Davis Bender.
On June 16th, 1925, Davis Bender executed the note to Williamson.
On April 22d 1926, Davis Bender, by a bargain and sale deed, conveyed to Harry Bender everything he owned in the way of real estate. No consideration was given by Harry for this deed or the assignment of the four thousand ($4,000) dollar mortgage which was simultaneously executed.
On June 11th, 1926, Davis Bender and his wife executed a chattel mortgage covering his entire household furniture at 92 Goldsmith avenue and his automobile. This was done to secure a loan of two thousand ($2,000) dollars to the Sivad Realty Company, which was entirely controlled by Harry Bender. Harry says he gave the Sivad money to his father. Davis says he does not know who gave it to him. The furniture remained in Davis Bender's home and still is used by him. At the time he executed this mortgage, Davis Bender had on deposit twenty-seven thousand four hundred and forty-seven and ninety-nine one-hundrenths ($27,447.99) dollars.
On March 2d 1926, Davis Bender contracted to sell his garage property, which he owned, for over $75,000. He was under this contract when he transferred to Harry all his real estate.
On June 16th, 1926, the Williamson note became due and was protested. From that time on Davis Bender's bank account shrank to nearly nothing. The bank statement shows checks drawn as follows: *Page 367 
 May 24, 1926 ....................... $40,000.00
 June 4, 1926 ....................... 3,500.00
 June 9, 1926 ....................... 1,000.00
 June 12, 1926 ...................... 5,000.00
 June 14, 1926 ...................... 12,000.00
 June 17, 1926 ...................... 3,000.00
 June 26, 1926 ...................... 3,590.00

None of these checks was produced. Davis Bender says they were lost. At the same time the Sivad Realty Company's bank account increased very largely, as did that of Harry Bender.
This is a very brief statement of the voluminous testimony taken in this case, but it clearly appears from this and the other testimony which I have read that these conveyances were made for the express purpose of defrauding creditors, particularly the ten thousand ($10,000) dollar note. A grant by a parent to a child, based on services rendered, has been held invalid as to creditors. See Dodson v. Severs, 54 N.J. Eq. 305.
Moreover, a voluntary conveyance by one indebted raises an irrebuttable presumption of fraud. Horton v. Bamford, 79 N.J. Eq. 356.
I do not think it necessary to go further into a discussion of the numerous cases that sustain the above statement of law. I think, under the evidence, as a matter of fact, that these conveyances were made to avoid the payment of this judgment, and I will advise a decree that they be set aside. *Page 368